**UNITED STATES of America,**

v.

**Neb MORROW, Defendant.**

**No. 10 CR 102(VM).**

United States District Court,
S.D. New York.

June 17, 2010.

Brian A. Jacobs, United States Attorney Office, New York, NY, for Plaintiff.

Philip L. Weinstein, Federal Defenders of New York Inc., New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Defendant Neb Morrow ("Morrow") is charged with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and brandishing a firearm in connection with the Hobbs Act conspiracy charged, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) & 2. In connection with the scheduled trial in this matter, the Government moves *in limine* to allow certain evidence, obtained at Morrow's arrest following an uncharged robbery in October 2009, to be admitted as direct evidence and as similar acts evidence against him pursuant to Rule 404(b) of the Federal Rules of Evidence ("Rule 404(b)"). Specifically, the Government moves to admit testimony concerning Morrow's arrest for that uncharged crime and items found on Morrow at that time, including a bag, a phone, and a .380 caliber Davis Arms pistol.

The Government argues that evidence of Morrow's participation in a robbery while carrying a firearm in October 2009, including testimony concerning Morrow's arrest and the various items found on Morrow at the time of his arrest, should be admitted as direct evidence of the charges against him. The Government asserts that the proffered evidence does not amount to evidence of "other crimes, wrongs, or acts" pursuant to Rule 404(b) because "it is inextricably intertwined with the evidence regarding the charged offense[s], or ... it is necessary to complete the story of the crime on trial." *United States v. Carboni,* 204 F.3d 39, 44 (2d Cir.2000) (internal quotation marks omitted).

■ The Court finds that irrespective of whether the evidence offered by the Government pertaining to the October 2009 uncharged robbery arrest will be "necessary to complete the story on trial," the evidence related to that incident is admissible to the extent that it satisfies the requirements of Rule 404(b). Rule 404(b) provides that evidence of "other crimes, wrongs, or acts," while not admissible to prove bad character or propensity, may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ...." Fed. R.Evid. 404(b). Under the inclusionary approach taken by the Second Circuit, evidence of prior crimes or bad acts will be admissible if (1) offered for a purpose other than to show criminal propensity; (2) relevant to some disputed issue; and (3) the Rule 403 balancing test is satisfied. *See United States v. Pitre,* 960 F.2d 1112, 1119 (2d Cir.1992).

The Government argues that the evidence obtained following Morrow's arrest in October 2009 should be admitted because it tends to establish Morrow's motive, intent, preparation, plan, modus operandi, knowledge, and absence of mistake. For example, the Government represents that the gun found on Morrow at the time of his October 2009 arrest matches the description of the small, black firearm that Morrow allegedly used during the course of the charged robbery conspiracy. As proof of the similarity of the weapons at issue, the Government intends to introduce testimony of eyewitnesses to the alleged robberies as well as video evidence.

The Court finds that the admission of the gun found on Morrow is probative of intent to participate in the charged conspiracy and knowledge of the consequences of the conspiracy, including the use of the gun in relation to the conspira-

cy. Further, assuming the gun matches the descriptions provided of the gun that was used during the crimes charged against Morrow, the arrest evidence is probative of identity—whether it was actually Morrow who participated in the alleged conspiracy and firearms offense. *See United States v. Ravich,* 421 F.2d 1196, 1204 (2d Cir.1970) ("Direct evidence of such possession would have been relevant to establish opportunity or preparation to commit the crime charged, and thus would have tended to prove the identity of the robbers, the only real issue in this trial."). Moreover, as the Government argues, evidence of the gun may be probative of the absence of mistake or misunderstanding if Morrow chooses to use mistake or misunderstanding as a defense.

The Court finds that the proffered evidence is highly probative of the charges alleged, and that the evidence is not substantially outweighed by the danger of unfair prejudice. *See* Fed.R.Evid. 403; *see also United States v. Baez,* 349 F.3d 90, 93–94 (2d Cir.2003); *United States v. Roldan–Zapata,* 916 F.2d 795, 804 (2d Cir. 1990) (finding that evidence admitted was not unfairly prejudicial because it "did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged ...."). As described above, the Court finds that the proffered evidence is admissible for several purposes other than to show Morrow's criminal propensity, and the evidence admitted involves conduct nearly identical to the crime charged.

Accordingly, the Government's motion *in limine* to admit the evidence obtained following Morrow's October 2009 arrest is **GRANTED.** The Court notes that Morrow, who did not submit an opposition to the Government's motion, will have an opportunity to object to the introduction of this evidence at trial should he wish to do

so. In addition, the Court will give the jury limiting instructions regarding the Rule 404(b) evidence when necessary.

**SO ORDERED.**